## McComb v. Kellogg.

(Supreme Court, General Term, First Department. May 18, 1888.)

1. CORPORATIONS — LIABILITY OF TRUSTEES FOR CORPORATE DEBTS — RIGHT TO SUE TRUSTEE'S ADMINISTRATOR.

A cause of action arising under Laws 1848, c. 40, § 23, providing that, if the indebtedness of any corporation shall exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally liable for such excess, survives, and may be brought against such trustees' administrator.

2. SAME—LIABILITY OF TRUSTEE FOR CORPORATE DEBT—PLEADING.

A complaint in an action brought under Laws 1848, c. 40, § 23, providing that, if the indebtedness of any corporation shall exceed the amount of its capital stock, the trustees assenting thereto shall be personally liable for such excess, is not defective for want of proper parties, where it does not appear that there are other creditors besides the plaintiff.

Appeal from special term.

Defendant appeals from an interlocutory judgment overruling demurrer to complaint.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

George H. Adams, for appellant. Thomas H. Hubbard, for respondent.

BARTLETT, J. The general manufacturing act (Laws 1848, c. 40, § 23) provides that, "if the indebtedness of any company incorporated thereunder shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally and individually liable for such excess to the creditors of such company." The defendant's testator was one of the trustees of the Barcelona Apartment Association, a company organized under the general manufacturing act; and the complaint charges that, while the indebtedness of the corporation exceeded the amount of its capital stock, he assented to an indebtedness which it incurred to the plaintiffs. The purpose of this action is to recover the amount of that indebtedness from his estate. The defendant has demurred, on the ground—First, that the complaint does not state facts sufficient to constitute a cause of action, inasmuch as the liability imposed by section 23 of the general manufacturing act is penal, and a cause of action thereunder does not survive; and, second, that there is a defect of parties plaintiff, in that the other creditors of the Barcelona Apartment Association are not joined as plaintiffs or defendants. The question raised by the first ground of demurrer has been decided adversely to the contention of the defendant by the general term of the Third department in the case of Patterson v. Robinson, 36 Hun, 622, 37 Hun, 341. That case was argued twice, and most carefully considered, and resulted in the conclusion that the liability of the assenting trustee under section 23 is a contract, and not a penal, liability. Where one general term, after mature deliberation, and a full review of the authorities, has determined a question like this, its decision should be followed by the general term of another department, unless it is in conflict with a previous decision in that department, or the judges are clearly convinced that it is erroneous. Neither of these reasons exist in the present case. In support of the second ground of demurrer, reference is made to the case of Anderson v. Speers, 21 Hun, 568, where it was held that an action under section 23 must be brought either jointly by all the creditors entitled to sue, or by one such creditor in behalf of himself and the others. That case would sustain the defendant's position that there is a defect of parties herein, if it was manifest upon the face of the complaint that there were other creditors than the plaintiff's testator. But it does not. The indebted-

ness of the company over and above its capital stock, which existed at the time it contracted its obligation to the plaintiffs, which is the subject-matter of the present suit, may have been, for all that appears, an indebtedness to himself.

The interlocutory judgment must be affirmed, with costs, but with leave to the defendant to answer over upon payment of costs.

VAN BRUNT, P. J., concurs.